**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGE H. FOSTER,**

                **Plaintiff,**

**-vs-**                                                                                  **Case No. 6:04-cv-1188-Orl-22DAB**

**CITIBANK (South Dakota), N.A.,**

                **Defendant.**

_____

## ORDER

Upon the Court's review of this case, it is ORDERED as follows:

1. The Defendant's Motion to Dismiss Modified Complaint (Doc. 27), filed March 11, 2005, is GRANTED.

The Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* However, it is plain from the allegations set forth in the Modified Complaint (Doc. 23) that the Defendant (as distinguished from the Defendant's retained attorney who actually engaged in collection activity) does not qualify as a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Instead, the Defendant is a "creditor" as defined in 15 U.S.C. § 1692a(4). Under the FDCPA, a creditor collecting its own debt is not a "debt collector" unless the creditor fits within the "false name" exception, i.e., the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect" the creditor's debts. 15 U.S.C. § 1692a(6); *see Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) (discussing § 1692(a)(6)). Plaintiff does not allege that the Defendant used any third person's name to collect its own debt, and the January

23, 2003 letter from attorney Patrick A. Carey reflects that the "false name" exception does not apply. In the letter, Carey stated that the Defendant (whom he identified as a "creditor") had retained him to collect the Plaintiff's overdue account. Hence, it is plain from the face of the Modified Complaint that the Defendant was not using the name of another to collect its own debts.[1]

Further, the Modified Complaint does not allege that the Defendant (as distinguished from its attorney) actually engaged in any collection activity, and the January 23rd dunning letter to Plaintiff was sent by attorney Carey, not Defendant. A creditor which does not meet the FDCPA's definition of "debt collector" may not be held vicariously liable under the Act for violations committed by a retained attorney who does qualify as a "debt collector." *See Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir. 1996) (refusing to impose vicarious liability on creditor for debt collector attorney's conduct in filing collection suit). Accordingly, Plaintiff's Modified Complaint does not state a claim upon which relief may be granted.[2]

2. This action is DISMISSED, WITH PREJUDICE. Dismissal with prejudice and without leave to amend is warranted because amendment would be futile.

---

[1] Under certain circumstances, a creditor can be deemed a "debt collector" under the "false name" exception when the creditor procures an attorney who is not genuinely involved in the collection effort to merely send out demand letters on law firm letterhead, thereby creating the false impression that the attorney has reviewed the matter and is prepared to file suit, if necessary. *See Nielsen v. Dickerson,* 307 F.3d 623, 634-40 (7th Cir. 2002). In such circumstances, the dunning letters are deemed to be "from" the creditor, rather than the attorney. *Id.* The allegations in the Modified Complaint distinguish the present case from *Nielsen*; in contrast to that case, here the Plaintiff's pleading discloses that the attorney was genuinely involved in the collection process because he followed up on the demand letter by actually filing suit against Plaintiff. *See* Modified Complaint (Doc. 23), ¶ 6, at fourth unnumbered page.

[2] In light of this ruling, the Court need not reach the Defendant's statute of limitations argument.


3. The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 19, 2005.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party